UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PREMCHAND S., | Case No. 18-CV-2226 (NEB/KMM) |
| Petitioner, | |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General; KIRSTJEN NIELSEN, DHS Secretary; PETER B. BERG, ICE Field Office Director, St. Paul; and WARDEN OF DETENTION FACILITY, | REPORT AND RECOMMENDATION |
| Respondents. | |

Permchand S. is a native and citizen of Guyana who came to the United States in April of 2011. (Siekert Decl., Ex. A at 4, ECF No. 9-1.) In February of 2017, Permchand S. was convicted of a crime in Hennepin County District Court that made him subject to removal pursuant to 8 U.S.C. § 1227. (*Id.*; *id.*, Ex. A at 10–37.) United States Immigration and Customs Enforcement ("ICE") took Permchand S. into custody on September 29, 2017, and an Immigration Judge ordered him removed from the United States on February 14, 2018. (*Id.* at 5–8, 49.) Permchand S. appealed that decision to the Board of Immigration Appeals ("BIA"), and on July 25, 2018, the BIA upheld the Immigration Judge's decision. (*Id.* at 51–55.) On August 14, 2018, Guyana issued a travel document for Permchand S. (*Id.* at 58–59.)

Petitioner Premchand S. filed this habeas corpus action on July 31, 2018, seeking release from his ongoing custody by ICE pending his removal from the United States. (Pet., ECF No. 1.) He claimed in his Petition that his continued detention was in violation of federal statutes and the United States Constitution. (*See* Pet'r's Aff. at 7–8, ECF No. 2.) Because the Respondents' August 30, 2018 response to the Petition indicated that a travel document had been issued for Permchand S. and that he would likely be removed from the United States soon (ECF No. 8), on October 9, 2018, the Court ordered Respondents to provide an update on their efforts to effect Permchand S.'s removal. (ECF No. 12.) Respondents have now shown that Permchand S. was removed from the United States on October 4, 2018. (Suppl. Seikert Decl. ¶ 3 & Ex. B at 2.)

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Once a proceeding ceases to present a live case or controversy, the Court must dismiss the action for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005). Courts consistently conclude that when a petitioner in a habeas action such as this is removed from the United States and returned to his native country, there is no longer a live case or controversy because a court can no longer order the relief sought in the petition. *See, e.g., Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Order adopting report and

recommendation); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11-12 (D. Minn. Dec. 13, 2010). Permchand S. is not in the custody of any of the Respondents because he has been returned to Guyana. Therefore, the Court cannot give Permchand S. the relief he seeks in his petition—an order requiring immediate release pending his removal. No case or controversy remains, and this action is moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Petition **(ECF No. 1)** be **DENIED AS MOOT**, the Motion to Grant a Writ of Habeas Corpus **(ECF No. 2)** be **DENIED**, and this action be **DISMISSED WITHOUT PREJUDICE**.

Date:  October 25, 2018     *s/Katherine Menendez*
                            Katherine Menendez
                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely

objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.